<pre>
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 8                                    AT SEATTLE
 9
10   DION QUINN,                              CASE NO. C23-0665JLR

11                       Plaintiff,           ORDER
            v.
12
     LLOYD J. AUSTIN, III,
13
                         Defendant.
14
</pre>

Before the court is *pro se* Plaintiff Dion Quinn's motion for appointment of counsel. (Mot. (Dkt. # 4-1).) Mr. Quinn filed this action against Defendant Lloyd J. Austin, III on May 6, 2023. (Prop. Compl. (Dkt. # 1); Compl. (Dkt. # 4).) He brings claims for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act,

//

//

//

ORDER - 1

29 U.S.C. § 621, *et seq.* (*See* Compl. at 3-6; *see also id.* at 10-38 (describing the underlying facts).[1])

This District has implemented a plan for court-appointed representation of civil rights litigants. *See* General Order No. 16-20 (Dec. 8, 2020). The District's pro bono plan requires a *pro se* plaintiff in a non-prisoner civil rights action to attach, to their motion for appointment of counsel, (1) a financial affidavit/declaration and (2) an affidavit/declaration "stating the party's efforts to obtain counsel by means other than appointment and indicating any prior pro bono appointments of counsel to represent the party in cases brought in this [c]ourt." *Id.*, Section 3(a). The plan currently in effect requires the court to then assess a plaintiff's case before forwarding it to a pro bono screening committee for further review and a possible appointment of pro bono counsel. *See id.*, Section 3(c). The court assesses the plaintiff's case to determine that it is not frivolous and that the plaintiff is financially eligible. *Id.*; *see also Bradshaw vs. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) (stating that in reviewing a request for appointment of counsel in a Title VII case, the court must assess (1) the party's financial resources, (2) the efforts they already made to secure counsel, and (3) whether their claim has merit).

Mr. Quinn did not attach a financial affidavit/declaration describing his financial resources to his motion. (*See generally* Mot.; Dkt.) Accordingly, the court is unable to assess whether Mr. Quinn is financially eligible for appointment of counsel. *See* General

---

[1] Mr. Quinn also suggests that he has claims under 18 U.S.C. § 241 and § 242. (*See* Compl. at 3.)

ORDER - 2

Order No. 16-20, Section 3(a), (c). As such, the court DEFERS ruling on Mr. Quinn's motion for appointment of counsel and ORDERS Mr. Quinn to file a financial affidavit/declaration describing his financial resources[2] by no later than **June 26, 2023**. If Mr. Quinn fails to file a financial affidavit/declaration by that date, the court will deny his motion for appointment of counsel. The court DIRECTS the Clerk to note Mr. Quinn's motion for appointment of counsel (Dkt. # 4-1) for June 26, 2023.

Dated this 7th day of June, 2023.

JAMES L. ROBART
United States District Judge

---

[2] In the financial affidavit/declaration, Mr. Dion should provide financial information similar to the financial information requested in the District's declaration and application to proceed *in forma pauperis*. See Declaration and Application to Proceed In Forma Pauperis, W.D. Wash., https://www.wawd.uscourts.gov/sites/wawd/files/IFPApplication.pdf (last visited June 7, 2023).