```
 1
 2
 3
 4
 5
 6
 7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
 8                                   AT SEATTLE
 9
10     DION QUINN,                              CASE NO. C23-0665JLR

11                         Plaintiff,           ORDER
                v.
12
       LLOYD J. AUSTIN, III,
13
                           Defendant.
14
```

15      Before the court is *pro se* Plaintiff Dion Quinn's motion for appointment of

16 counsel. (Mot. (Dkt. # 7).) Mr. Quinn filed this action against Defendant Lloyd J.

17 Austin, III on May 6, 2023. (Prop. Compl. (Dkt. # 1); Compl. (Dkt. # 4).) He brings

18 claims for employment discrimination and retaliation under Title VII of the Civil Rights

19 Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act,

20 //

21 //

22 //

ORDER - 1

29 U.S.C. § 621, et seq. (*See* Compl. at 3-6; *see also id.* at 10-38 (describing the underlying facts).[1])

This District has implemented a plan for court-appointed representation of civil rights litigants. *See* General Order No. 16-20 (Dec. 8, 2020). The District's pro bono plan requires a *pro se* plaintiff in a non-prisoner civil rights action to attach, to their motion for appointment of counsel, (1) a financial affidavit/declaration and (2) an affidavit/declaration "stating the party's efforts to obtain counsel by means other than appointment and indicating any prior pro bono appointments of counsel to represent the party in cases brought in this [c]ourt." *Id.*, Section 3(a). The plan currently in effect requires the court to then assess a plaintiff's case before forwarding it to a pro bono screening committee for further review and a possible appointment of pro bono counsel. *See id.*, Section 3(c). The court assesses the plaintiff's case to determine that it is not frivolous and that the plaintiff is financially eligible. *Id.*; *see also Bradshaw vs. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981) (stating that in reviewing a request for appointment of counsel in a Title VII case, the court must assess (1) the party's financial resources, (2) the efforts they already made to secure counsel, and (3) whether their claim has merit).

Mr. Quinn's submissions satisfy the court that there is an adequate basis to refer his case to the Screening Committee. (*See, e.g.*, Financial Affidavit (Dkt. # 6); Mot. at 2 (describing previous efforts to obtain counsel); Compl.) As such, the court DIRECTS the

---

[1] Mr. Quinn also suggests that he has claims under 18 U.S.C. § 241 and § 242. (*See* Compl. at 3.)

ORDER - 2

Clerk of the Court to forward Mr. Quinn's complaint (Dkt. # 4), the motion to appoint counsel (Dkt. # 7), his financial affidavit (Dkt. # 6), and any other pleadings and documents filed to date to the Screening Committee. *See* General Order No. 16-20, Section 3(c). The court ORDERS the Screening Committee to review the case and make a recommendation to the court in accordance with the pro bono plan and the rules for the pro bono panel on or before July 26, 2023. *See id.*, Section 3(d), (f). The Clerk shall NOTE Mr. Quinn's motion to appoint counsel (Dkt. # 7) for July 26, 2023, pending the Screening Committee's recommendation as to whether the court should appoint counsel. *See id.*

Dated this 27th day of June, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge