|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DION QUINN,

          Plaintiff,

   v.

LLOYD J. AUSTIN, III,

          Defendant.

CASE NO. C23-0665JLR

ORDER

## I. INTRODUCTION

Before the court is Defendant Secretary of Defense Lloyd J. Austin, III's motion to dismiss *pro se* Plaintiff Dion Quinn's complaint and transfer any remaining claims to the United States District Court for the District of Massachusetts (the "District of Massachusetts"). (Mot. (Dkt. # 26); Reply (Dkt. # 29); *see also* Compl. (Dkt. # 4).) Mr. Quinn opposes Secretary Austin's motion. (Resp. (Dkt. # 28).)[1] The court has

---

[1] After Secretary Austin filed his reply brief, Mr. Quinn filed an improper sur-reply. (Sur-Reply (Dkt. # 31).) Aside from certain exceptions not applicable here, sur-reply briefs "will

ORDER - 1

considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[2] the court GRANTS Secretary Austin's motion to transfer and DENIES the motion to dismiss without prejudice.

## II.  BACKGROUND

Mr. Quinn is a Black man in his late 40s. (*See* Compl. at 5, 39.[3]) This case arises out of his work as a testing clerk for the Department of the Army (the "Army") at a Military Entry Processing Facility ("MEPS") in Boston, Massachusetts from 2016 through 2020. (*See id.* at 4, 11; Mot. at 2.) Mr. Quinn alleges that, throughout his employment, the Army discriminated against him on the basis of his race, color, gender, sex, and age. (Compl. at 4-5, 11.) He brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 (the "ADEA"). (*Id.* at 3.) It appears that Mr. Quinn intends to proceed under theories of hostile work environment and retaliation under Title VII and age discrimination under the ADEA. (*See generally id.  See* Mot. at 3.)

## III.  ANALYSIS

Secretary Austin moves to dismiss Mr. Quinn's complaint for (1) failure to exhaust his administrative remedies under Title VII and the ADEA, (2) failure to state a

---

not be considered."  Local Rules W.D. Wash. LCR 7(g)(2).  The court therefore excludes Mr. Quinn's sur-reply brief from its consideration of Secretary Austin's motion.

[2] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] When citing Mr. Quinn's complaint, the court uses the page numbers in the CM/ECF header.

ORDER - 2

claim under the ADEA, and (3) failure to name the proper defendant. (Mot. at 5-10.) Secretary Austin also moves to transfer this case to the District of Massachusetts. (*Id.* at 10-12.) The court declines to rule on Secretary Austin's motion to dismiss and instead proceeds directly to the motion to transfer venue.

**A.    Improper Venue**

Secretary Austin argues that this matter should be transferred to the District of Massachusetts. (*Id.*) The court agrees.

In a Title VII case, venue is proper in: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(f)(3). When a plaintiff brings claims under Title VII and the ADEA, Title VII's "restrictive venue provision" "controls." *Walker v. U.S. Dep't of Com.*, No. 1:11-cv-01195 AWI SKO, 2012 WL 1424495, at *8 (E.D. Cal. Apr. 24, 2012) (quoting *Dehaemers v. Wynne*, 522 F. Supp. 3d 240, 249 (D.D.C. 2007)). Where a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer" the case to any district or division in which it could have originally been brought. 28 U.S.C. § 1406(a). For the reasons stated below, the court will transfer this matter to the District of Massachusetts.

First, venue is improper in this District. Although Mr. Quinn resides in Washington (Compl. at 1), all of the conduct he describes in the complaint occurred while he was employed at the MEPS in Boston. There is no indication that any records

pertaining to his claims are maintained in this District. (*See generally id.*) And Mr. Quinn does not contend that he would have worked in Washington but for the Army's allegedly unlawful practices. (*See generally id.*) Accordingly, venue is improper in the Western District of Washington. Because the allegedly unlawful employment practices occurred in Boston, the District of Massachusetts is the appropriate venue for this action. *See* 42 U.S.C. § 2000e–5(f)(3).

Second, the District of Massachusetts is a district in which Mr. Quinn could have originally brought his case. *See* 28 U.S.C. § 1406(a). Mr. Quinn timely filed his complaint in federal court. (*See* Mot. at 3 ("Less than 90 days" after the EEOC denied Mr. Quinn's request for reconsideration, Mr. "Quinn filed suit in this District.")); *see also* 42 U.S.C. § 2000e-5(f)(1) (providing 90 days to bring a civil action). He simply filed in the wrong district.

Third, the interests of justice favor transfer rather than dismissal. The choice between dismissal or transfer to a proper venue is a matter within the sound discretion of the district court. *See Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)). The court concludes that transfer, rather than dismissal, is the most efficient and just resolution under the circumstances. Accordingly, the court will transfer this matter to the District of Massachusetts.

//

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS Secretary Austin's motion to transfer venue (Dkt. # 26) and TRANSFERS this case to the United States District Court for the District of Massachusetts.  Having granted the motion to transfer venue, the court declines to address Secretary Austin's motion to dismiss and therefore DENIES that portion of the motion without prejudice to re-filing it after the transfer has been effected.

Dated this 12th day of January, 2024.

JAMES L. ROBART
United States District Judge