United States District Court
District of Massachusetts

|   |   |
|---|---|
| Dion Quinn,<br><br>    Plaintiff,<br><br>    v.<br><br>Lloyd J. Austin et al.,<br><br>    Defendants. | Civil Action No.<br>24-10285-NMG |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the motion of defendant Christine Wormuth, Secretary of the Department of the Army, ("Wormuth") to strike an amended complaint that plaintiff Dion Quinn ("plaintiff"), pro se, filed without leave of Court.

This case arises from allegations that plaintiff was treated unequally, retaliated against, and wrongfully terminated from his employment at Boston's Military Entrance Processing Station. Plaintiff filed a complaint in the Western District of Washington against Lloyd J. Austin III, Secretary of the Department of Defense, in June, 2023. On a motion for transfer of venue, the case was transferred to this Court in February, 2024, and the Court ordered Wormuth to be added as a defendant.

Wormuth subsequently moved to dismiss plaintiff's complaint. In his reply to that motion, plaintiff attempted to

- 1 -

raise new factual allegations. Defendants' motion to strike those allegations was allowed. In its order, the Court informed plaintiff that he could file a motion to amend his pleading within 28 days. Plaintiff did not do so. Instead, he filed an amended complaint without seeking leave of Court.

Under Fed. R. Civ. P. 15(a)(1), parties have the right to amend their pleadings, including complaints, as a matter of course within 21 days of serving it or within 21 days after service of a responsive pleading or Rule 12 motion. In all other cases, a party must first seek leave of court before filing any amended pleadings. Fed. R. Civ. P. 15(a)(2).

Wormuth asserts, and plaintiff does not dispute, that filing an amended complaint in this case requires leave of Court, see id., and that plaintiff never sought such leave. Now, Wormuth moves for Court to strike plaintiff's amended complaint as improperly filed, while plaintiff seeks to have his amended complaint admitted or, in the alternative, to file a belated motion for leave to amend his complaint.

A motion to strike under Fed. R. Civ. P. 12(f) provides courts "considerable discretion" to strike "from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988). Such motions are generally disfavored. F.D.I.C. v. Gladstone, 44 F. Supp. 2d 81, 85 (D. Mass. 1999).

This is especially true for pro se plaintiff's, who are afforded greater leniency on procedural matters. Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001); Baillargeon v. CSX Transportation Corp., 463 F. Supp. 3d 76, 85 (D. Mass. 2020).

Here, given plaintiff's pro se status, the Court will deny defendant's motion to strike to his improperly filed amended complaint. See Araujo v. UGL Unicco-Unicco Operations, No. CV 13-13225-GAO, 2016 WL 1258734, at *5 n.7 (D. Mass. Mar. 28, 2016) (declining to strike improper filing because of plaintiff's pro se status).  The Court will, instead, admit plaintiff's amended pleading and treat it as the operative complaint.  Notwithstanding this leniency, however, plaintiff will henceforth be required to comply with all applicable procedural rules. See Gedeon v. Desousa, No. 16-CV-30058-MGM, 2017 WL 2261129, at *1 n.2 (D. Mass. Feb. 16, 2017) (recognizing that, although pro se plaintiffs receive leniency, they must still comply with applicable procedural rules).

Based on the denial of Wormuth's motion to strike, defendants' motion to dismiss for failure to state a claim and lack of subject matter jurisdiction will be deemed moot.  The Court will, however, afford defendants 30 days from the issuance of this order to file responsive pleadings to the amended complaint.

ORDER

For the foregoing reasons:

1) the motion of defendant, Christine Wormuth, to strike the amended complaint of plaintiff, Dion Quinn, (Docket No. 67) is **DENIED**;

2) plaintiff's amended complaint (Docket No. 66) will be docketed and deemed the operative complaint;

3) the motion of defendant, Christine Wormuth, to dismiss plaintiff's complaint for failure to state a claim and lack of subject matter jurisdiction (Docket No. 51) is **DENIED** as moot; and

4) defendants shall file responsive pleadings to plaintiff's amended complaint on or before Monday, November 18, 2024.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated:  October 18, 2024